# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 2:03-cr-00365-RCJ-LRL<br>2:08-cv-00810-RCJ-LRL |
| vs. | ) ) | **ORDER** |
| LARRY ALAN STOCKETT, | ) ) | |
| Defendant. | ) ) | |

Defendant Larry Alan Stockett ("Stockett") is a federal prisoner and proceeds *pro se* to seek to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (#136). After reviewing the record, the Court concludes that Stockett's section 2255 motion is *denied*. The record conclusively shows that Stockett is not entitled to any relief under 28 U.S.C. § 2255. Thus, there is no need for an evidentiary hearing.

## I.   BACKGROUND

On November 16, 2005, a grand jury for the District of Nevada returned a superseding indictment, charging Stockett with wire fraud, in violation of 18 U.S.C. § 1343; interstate transportation in execution of a scheme to defraud, in violation of 18 U.S.C. § 2314; securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); aiding and abetting, in violation of 18 U.S.C. § 2; and seeking forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c). (#42). On December 20, 2005, following a jury trial in the United States District Court for the District of Nevada, Stockett was convicted of all the offenses charged against him. (#75). On November 20, 2006, the Court sentenced Stockett to 144 months' imprisonment, to be followed by three years'

1 supervised release, along with a $400 special assessment. (#105). The Court also ordered Stockett
2 to pay restitution in the amount of $700,000. *See id.*

3       Defendant appealed. On March 18, 2008, the Ninth Circuit Court of Appeals affirmed
4 Stockett's conviction and sentence in an unpublished memorandum disposition. *See United States*
5 *v. Stockett*, 270 Fed. Appx. 600 (9th Cir. 2008). Stockett did not seek a rehearing, an en banc
6 rehearing, or petition for certiorari, making his conviction final on June 16, 2008.

7       On June 23, 2008, Stockett, acting *pro se*, filed his section 2255 motion. In his section 2255
8 motion, Stockett asserts that (1) his trial attorney provided ineffective assistance of counsel; (2) that
9 the government failed to disclose evidence favorable to the defense in violation of *Brady v.*
10 *Maryland*, 373 U.S. 83 (1963); and (3) that miscalculations in the monetary losses resulted in a
11 sentencing error.

12 **II.  LEGAL STANDARD**

13       Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court
14 established by Act of Congress claiming the right to be released upon the ground that the sentence
15 was imposed in violation of the Constitution or laws of the United States . . . may move the court
16 which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a
17 district court must grant a hearing to determine the validity of a petition brought under that section,
18 '[u]nless the motions and the files and records of the case conclusively show that the prisoner is
19 entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28
20 U.S.C. § 2255 ). The court may deny a hearing if the movant's allegations, viewed against the
21 record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant
22 summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal
23 quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing,
24 therefore, the movant must make specific factual allegations which, if true, would entitle him to
25 relief. *See id.* Mere conclusory statements in a section 2255 motion are insufficient to require a

1  hearing.  *See United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S.
2  938 (1981).

3  **III.     PROCEDURAL DEFAULT**

4  The Supreme Court "has long applied equitable limitations to narrow the broad sweep of
5  federal habeas jurisdiction."  *Reed v. Farley*, 512 U.S. 339, 356 (1994) (Scalia, J., concurring in part
6  and concurring in the judgment) (citation omitted)).  These limitations recognize that a section 2255
7  motion is not a substitute for a direct appeal.  *See United States v. Frady*, 456 U.S. 152, 165 (1982);
8  *United States v. Dunham*, 767 F.2d 1395, 1396 (9th Cir. 1985) (stating that "[s]ection 2255 is not
9  designed to provide criminal defendants repeated opportunities to overturn their convictions on
10 grounds which could have been raised on direct appeal.").  The Ninth Circuit has held that:

> Section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction . . . Or stated another way, grounds which were apparent when appellant appealed from his conviction, cannot, thereafter, be made the basis for an attack on a motion to set aside judgment and sentence.

14 *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969) (internal citations omitted).

15 Among the limitations that the Supreme Court has placed on federal habeas relief are certain
16 procedural restrictions.  For example, a petitioner moving pursuant to section 2255 "procedurally
17 defaults his claims by not raising them on direct appeal and not showing cause and prejudice or
18 actual innocence in response to the default."  *Bousley v. United States*, 523 U.S. 614, 622 (1998).
19 "If a criminal defendant could have raised a claim of error on direct appeal but nevertheless failed
20 to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice
21 resulting from the claim of error."  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).
22 "Generally, to demonstrate 'cause' for procedural default, an appellant must show that 'some
23 objective factor external to the defense' impeded his adherence to the procedural rule."  *United*
24 *States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003).

25

1    Also, collateral review is not available for claims raised and rejected on direct review. *See*
2    *Reed*, 512 U.S. at 358 (Scalia, J., concurring in part and concurring in the judgment); *Withrow v.*
3    *Williams*, 507 U.S. 680, 721 (1993) (Scalia, J. concurring in part and dissenting in part) ("absent
4    countervailing considerations, district courts may refuse to reach the merits of a constitutional claim
5    previously raised and rejected on direct appeal"). In the present case, Stockett has already raised or
6    failed to raise certain arguments on direct appeal, which bar him from raising those arguments now
7    in his section 2255 motion.

8    Stockett argues that Stockett's case "took place" prior to the *Booker* decision and that the
9    Court should have sentenced him according to the mandatory guidelines in effect at the time of his
10   offense. (#136 at 7). In his direct appeal, Stockett attempted to challenge his sentence under *Booker*.
11   *See* Opening Brief for Defendant/Appellant at 46–48, *United States v. Stockett*, 270 Fed.Appx. 600
12   (9th Cir. 2008) (No. 06-10720). Nonetheless, the Ninth Circuit concluded that the Court properly
13   applied the 2001 Guidelines, carefully considered the section 3553(a) factors, and calculated a
14   sentence that was within the 2001 Guidelines and was reasonable. *See Stockett*, 270 Fed.Appx. at
15   603.

16   Stockett also challenges his sentence based upon the government's improper or inaccurate
17   calculations. In particular, Stockett argues that the evidence that the government presented to the
18   jury to prove the amount of monetary loss caused by Stockett's conduct was inaccurate or deficient.
19   In his direct appeal, Stockett raised these same arguments. *See* Opening Brief for
20   Defendant/Appellant at 46–48, *United States v. Stockett*, 270 Fed.Appx. 600 (9th Cir. 2008) (No.
21   06-10720). For example, Stockett disputes the sixteen-level enhancement that was applied to his
22   sentence for a total loss amounting to $2,375,927.78. (#136 at 7, ¶ 1). Stockett raised this same
23   argument on his direct appeal. *See* Opening Brief for Defendant/Appellant at 46. Stockett also
24   argues that no evidence of monetary loss was presented to the jury on the securities fraud charge.
25   (#136 at 7, ¶ 4). Stockett challenges the accuracy of the Blue Sheet data and restitution list employed

by the government in its case. (#136 at 7, ¶¶ 2, 3). Stockett also raised these same arguments on direct appeal. *See* Reply Brief for Defendant/Appellant at 16–17, *United States v. Stockett*, 270 Fed.Appx. 600 (9th Cir. 2008) (No. 06-10720). Nonetheless, the Ninth Circuit concluded that the Court properly applied the 2001 Guidelines, carefully considered the section 3553(a) factors, and calculated a sentence that was within the 2001 Guidelines and was reasonable. *See Stockett,* 270 Fed.Appx. at 603.

Collateral review "is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Reed,* 512 U.S. at 354 (quoting *Sunal v. Large*, 322 U.S. 174, 178 (1947)). Having fully litigated these claims or having had a full opportunity to raise these claims, Stockett cannot argue these claims again in a collateral proceeding absent "countervailing considerations," which the Court does not find here. The Ninth Circuit affirmed the reasonableness of the Court's sentencing of Stockett. Thus, Stockett's *Booker* and sentencing arguments are subject to procedural default and cannot be raised in his section 2255 motion.

**IV.    INEFFECTIVE ASSISTANCE OF COUNSEL**

Unlike some of the issues that Stockett has raised again in his section 2255 motion and that are procedurally barred, procedural default does not apply to claims of ineffective assistance of counsel because such claims are properly raised in the first instance in a section 2255 motion. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (("The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255.") (citations omitted)). The Sixth Amendment right to counsel guarantees not only assistance of counsel, but effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). In *Strickland*, the United States Supreme Court held that in order to prevail on an ineffective assistance of counsel claim a defendant must show: (1) that counsel's performance was deficient under an objective standard of reasonableness and (2) the deficient performance prejudiced the defendant. *See id.*

1    "Deficient performance" in this context means unreasonable representation falling below
2 professional norms prevailing at the time of trial. *See id.* at 688–89. To show "deficient
3 performance," the petitioner must overcome a "strong presumption" that his lawyer "rendered
4 adequate assistance and made all significant decisions in the exercise of reasonable professional
5 judgment." *Id.* at 690. Furthermore, the petitioner "must identify the acts or omissions of counsel
6 that are alleged not to have been the result of reasonable professional judgment." *Id.* The Court
7 must then "determine whether, in light of all the circumstances, the identified acts or omissions were
8 outside the range of professionally competent assistance." *Id.* The Supreme Court in *Strickland*
9 recognized that "it is all too easy for a court, examining counsel's defense after it has proved
10 unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689.
11 Accordingly, to overturn the strong presumption of adequate assistance, the petitioner must
12 demonstrate that "the challenged action cannot reasonably be considered sound trial strategy under
13 the circumstances of the case." *Lord v. Wood*, 184 F.3d 1083, 1085 (9th Cir. 1999), cert. denied, 528
14 U.S. 1198 (2000).

15    In light of that presumption, cursory allegations that are purely speculative cannot support
16 a claim of ineffective assistance of counsel. "Conclusory allegations [of ineffective assistance of
17 counsel] which are not supported by a statement of specific facts do not warrant habeas relief."
18 *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also, Stein v. U.S.*, 390 F.2d 625, 627 (9th Cir.
19 1968) ("[i]t is well-established that mere conclusory allegations are not sufficient to warrant relief
20 under a § 2255 motion").

21    It also is petitioner's burden to establish prejudice: "A defendant must show that there is a
22 reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
23 would have been different. A reasonable probability is a probability sufficient to undermine
24 confidence in the outcome." *Strickland*, 466 U.S. at 694. However, sheer outcome determination
25 is not sufficient to make out a Sixth Amendment violation: a proper prejudice inquiry focuses on

whether counsel's errors or omissions rendered the proceeding fundamentally unfair or the result unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 697).

Stockett asserts a host of grounds upon which his defense counsel allegedly rendered ineffective counsel in violation of the Sixth Amendment.

Stockett alleges that defense counsel failed to contact and call most of Stockett's witnesses. Any such contention is insufficient to establish prejudice. To establish that counsel was ineffective for failing to produce a witness at trial, a habeas petitioner must provide "evidence that this witness would have provided helpful testimony for the defense," such as an affidavit from the alleged witness. *See Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000). *See also, United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987) (appellant failed to meet prejudice prong of ineffectiveness claim because he offered no indication of what potential witnesses would have testified to or how their testimony might have changed the outcome of the hearing). Stockett, for example, alleges that his counsel should have called witness Declan O'Donnell, but fails to produce evidence as to the nature of the testimony that this witness would have offered. A defendant may not simply speculate about a witness' testimony, but must adduce evidence to show what it would have been. *See Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997). "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving

speculation will not sustain an ineffective assistance claim." *U.S. v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991).

Stockett alleges that defense counsel failed to adequately investigate Stockett's claims. As an example, Stockett claims that defense counsel failed to investigate Stockett's claims that Stockett made to the FBI in a 2001 letter. However, Stockett has presented no evidence concerning what his defense counsel would have found had defense counsel conducted further investigations into this matter or any other unnamed matters generally alleged by Stockett. Such conclusory assertions are insufficient. *See Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir. 1997) (petitioner's ineffective assistance claim denied where he presented no evidence concerning what counsel would have found had he investigated further, or what lengthier preparation would have accomplished).

Stockett alleges that defense counsel did not spend enough time with Stockett and in preparing Stockett's case. However, the "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984) (citing *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir.1979)). *See also, U.S. v. Askew*, 88 F.3d 1065, 1073 (D.C. Cir. 1996) (stating that petitioner's assertion that his counsel "did not spend enough time on his case does not in and of itself establish prejudice without some showing of how more time spent on his case might have influenced the outcome of the trial."). Stockett has not shown how defense counsel's spending more time with Stockett or on Stockett's case would have affected the outcome of the trial.

Stockett alleges that defense counsel failed to introduce any documents in cross-examination; failed to file pre-trial, trial, and trial motions; failed to use documents provided by Stockett to cross-examine the government's witnesses; failed to subpoena certain records to prove that the government made errors in calculating the victims' losses; failed to "introduce any evidence whatsoever to dispute any of the witnesses because [defense counsel] had failed to even provide a list of exhibits for the trial" (#137 at 5); and "asked virtually none of the hundreds of written questions that

[Stockett] had provided to him for trial prepration . . . ." *Id.* With respect to all of these allegations, Stockett fails to provide any specific information regarding the witnesses that defense counsel should have cross-examined, what documents should have been introduced, upon what grounds certain motions should have been made, or what questions should have been asked. Consequently, Stockett fails to affirmatively prove how such deficiencies prejudiced Stockett.

Stockett also alleges that his counsel failed to establish trust with Stockett and failed to serve as an advocate for Stockett's wishes. (#136 at 5, ¶¶ 1, ). *See Dehamm v. U.S.*, No. 06cv2355, 2007 WL 1231637, at *3 (S.D.Cal. Apr. 24, 2007) (rejecting plaintiff's claim that he was prejudiced by ineffective assistance of counsel due to "a lack of trust between himself and counsel" as conclusory and insufficient to meet *Strickland* standard). In short, Stockett's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief. *See Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief).

Furthermore, Stockett's allegations primarily relate to defense counsel's tactical decisions and do not rise to the level of ineffective counsel. Stockett alleges that defense counsel should have pursued certain defenses. (#137 at 2). Stockett alleges that defense counsel should have hired an expert witness to dispute the government's expert witness. (#137 at 7). The Court must strongly presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *See Strickland*, 466 U.S. at 688. A strategic decision to pursue a particular defense theory and forgo other theories is presumed reasonable and virtually unchallengeable. *Id*. at 690–91; *Bell v. Cone*, 535 U.S. 685 (2002); *Anderson v. Calderon*, 232 F.3d 1053, 1087–90 (9th Cir. 2000), cert. denied, 534 U.S. 1036 (2001); *Wilson v. U.S.*, 876 F.2d 898, at *3 (9th Cir. 1989) (holding that defense counsel "was entitled as a matter of strategic judgment to pursue" a particular defense and denying request for section 2255 hearing). Also, the decision to utilize an expert is a tactical decision that is left to the discretion of counsel, and the failure to utilize an expert can constitute

sound trial strategy. *See Leavitt v. Arave*, 383 F.3d 809, 840 n. 40 (9th Cir. 2004) (recognizing that a defendant's disagreement with his trial counsel's tactical decisions cannot form the basis for an ineffective assistance claim). As such, Stockett's claims that his counsel was ineffective for failing to call an expert witness or pursue a particular defense fails. "A disagreement with counsel's tactical decisions does not provide the basis for declaring that the representation was constitutionally deficient." *Raley v. Ylst*, 470 F.3d 792, 799 (9th Cir. 2006) (citing *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981)). Indeed, informed strategic choices are "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Stockett provides no facts to support his conclusory allegations of deficiency and prejudice. In his motion, Stockett does specifically identify a few documents (*e.g.*, a loan agreement dated October 3, 2000; bank account statements showing Stockett's assets; Stockett's written agreement with Akropolis Ventures; Stockett's business plan) that he argues would have led the jury to arrive at a different conclusion. Even if some of the decisions that defense counsel made were in error, Stockett has failed to show that the errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693. "It is not sufficient to show that the error had some conceivable effect on the outcome of the proceeding." *Id*. Rather, Stockett must establish a reasonable probability that, but for the error, the outcome would have been different. Stockett had a four-day jury trial during which time considerable evidence was presented that allowed a jury to unanimously conclude that Stockett's alleged businesses were a scam. Both the SEC and the FBI conducted investigations of Stockett's Hightec and U.S. Cement businesses and their investigations yielded no evidence of any legitimate business dealings with respect to these alleged companies. Stockett's assertions that defense counsel's alleged errors, including defense counsel's admission of a few additional documents (which Stockett has not produced), somehow prejudiced Stockett by rendering his trial fundamentally unfair or undermining confidence in the outcome are mere speculation. In fact, upon review of Stockett's appeal, the Ninth Circuit concluded that "there was sufficient information from

which a rational jury could have found the essential elements of the charged crimes beyond a reasonable doubt." *Stockett*, 270 Fed.Appx. at 603. As such, the Court finds that Stockett has not established ineffective assistance of counsel and is not entitled to an evidentiary hearing. *See U.S. v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## V.     BRADY VIOLATIONS

Although Stockett raised a *Brady* violation argument on direct appeal, the Ninth Circuit concluded that the underlying facts were undeveloped and denied the claim without prejudice. Therefore, the Court will consider the merits of Stockett's claim here. Stockett claims that the government violated Stockett's right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963) by withholding records in the government's possession, which would have been beneficial to Stockett's case. In fact, Stockett alleges that the government omitted over 80 percent of the data that would have allowed the jury to reach a completely different conclusion. (#136 at 5, ¶ 8). Stockett also argues that the government withheld various correspondence between Stockett and other parties, such as the FBI and SEC counsel. *See id.* at 6, ¶1(a).

Under *Brady*, the prosecution violates a defendant's due process rights if it fails to turn over evidence that is "material either to guilt or to punishment." *Raley,* 470 F.3d at 804 (quoting *Brady*, 373 U.S. at 87) (internal quotations marks omitted). To prevail on a *Brady* claim, a defendant must demonstrate that: (1) the suppressed evidence must be favorable to the accused; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) the suppressed evidence must be material to the guilt or innocence of the defendant. *U.S. v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007).

In accordance with *Brady*, the Constitution does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant. *See Moore v. Illinois*, 408 U.S. 786, 795 (1972). *See also, U.S. v. Bagley*, 473 U.S. 667, 675 n.7 (1985) ("An interpretation of *Brady* to create a broad, constitutionally required right of discovery 'would entirely alter the

character and balance of our present systems of criminal justice'. . . [f]urthermore, a rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor and would undermine the interest in the finality of judgments." (internal citation omitted)).  Due process only requires the disclosure of material exculpatory evidence which, "if suppressed, would deprive the defendant of a fair trial." *Bagley,* 473 U.S. at 675.  "The touchstone of materiality review is whether admission of the suppressed evidence would have created a 'reasonable probability' of a different result." *Id.* (internal quotation marks omitted).  A defendant need not show that he "would more likely than not have received a different verdict with the evidence," but rather that "the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Id.* (citations omitted).

However, a defendant cannot succeed in satisfying this burden under *Brady* unless he or she can identify the material that was withheld.  In *U.S. v. Gambina*, 988 F.2d 123 (9th Cir. 1993), the defendant, who had been convicted for robbery, alleged that the government failed to produce information relating to three other persons who were included in photospreads used by the FBI and who had their fingerprints run along with him. *See id.* at *9.  The Ninth Circuit relied upon a Sixth Circuit decision that had addressed "a similar situation." *Id.*  In *United States v. Frost*, 914 F.2d 756 (6th Cir. 1990), the defendant had "fail[ed] to specifically identify the material allegedly withheld." *Id.* (quoting *Frost*, 914 F.2d at 771).  The Sixth Circuit noted that "if the government does fail to disclose *Brady* material, the defendant has a constitutional remedy for the nondisclosure only if the defendant can show that there is a reasonable probability that 'the omission deprived the defendant of a fair trial.'" *Id.* (quoting *Frost*, 914 F.2d at 771 (citations omitted) (emphasis in original)).  Because the defendant had not identified the material he wanted, the Sixth Circuit concluded that he had not met his burden. *See id.*  The Ninth Circuit ruled in the same manner in *Gambina*, holding that the defendant failed to specifically identify the material that the government had withheld from him and therefore the defendant had failed to meet his burden under *Brady*. *See id.  See also,*

*Strickler v. Greene*, 527 U.S. 263, 286 (1999) ("Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review."); *U.S. v. Turant*, Nos. 3:03cr245-01, 3:06cv1039, 2008 WL 2020308, at *5 n.8 (M.D. Pa. May 8, 2008) ("to assert a valid claim under *Brady,* the defendant would have to point to specific evidence that the government withheld.") (citing *United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir.2005)); *Ferguson v. Walker*, 00 Civ. 1356, 2002 WL 31246533 at *13 (S.D.N.Y. Oct. 7, 2002) (petitioner's "claim of withheld *Brady* material is without evidence and speculative and must be rejected."); *United States ex rel. Whitehead v. Page*, No. 96 C 5013, 2000 WL 343209 at *17 (N.D. Ill. Mar. 30, 2000) (petitioner "fails to present this court with any proof that the prosecution withheld evidence; rather, he merely speculates that there was other evidence. Mere speculation is not enough to show a Brady violation."), aff'd, 263 F.3d 708 (7th Cir. 2001), cert. denied, 534 U.S. 1116 (2002).

Like in *Gambina* and *Frost*, Stockett has failed to specify the material that the government allegedly withheld from Stockett. Stockett alleges generally that the government failed to produce bank records, U.S. Cement supply agreements, financing contracts with Akropolis Ventures, or other business agreements and purchase orders. Stockett alleges that the government withheld correspondence between himself and SEC counsel and important stock information. Stockett argues that the government omitted this information, which would have allowed the jury to reach a completely different conclusion. However, such conclusory allegations of withheld material cannot satisfy Stockett's burden under *Brady*.

Furthermore, if "the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the Government does not commit a *Brady* violation by not bringing the evidence to the attention of the defense." *Raley*, 470 F.3d at 804 (quoting *United States v. Brown*, 582 F.2d 197, 200 (2d Cir. 1978)) (internal quotation marks omitted); *see also United States v. Dupuy*, 760 F.2d 1492, 1501 n. 5 (9th Cir. 1985) (citing *Brown*, 582 F.2d 197). Here, Stockett's own arguments reflect his awareness of certain essential facts that Stockett argues the government

withheld. Stockett states that upon the government's production of its data supporting its fraud claims against Stockett, Stockett performed a written analysis that showed the data that was missing from the government's analysis. (#137 at 6). Under *Raley*, Stockett's awareness of these "essential facts" means that Stockett's *Brady* claim lacks merit. *See Raley*, 470 F.3d at 804.

In light of the foregoing, Stockett fails to state a cognizable *Brady* claim.

## CONCLUSION

For the reasons explained above, Stockett's conviction and sentencing are not in violation of the Constitution or laws of the United States. Accordingly, Stockett's claims do not entitle him to section 2255 relief and his section 2255 motion is *denied with prejudice*. (#136). Because the Court concludes that an evidentiary hearing is not warranted and that Stockett's section 2255 motion is denied, Stockett's motion to appoint counsel is *denied* as moot. (#137).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's motion to seek to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby *denied* with prejudice. (#136).

(2) Defendant's motion for appointed counsel is *denied* as moot. (#137).

DATED: December 3, 2008

_____
Robert C. Jones
United States District Judge

(bb)